IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


FREEHOLD CARTAGE, INC., and
ACE AMERICAN INSURANCE COMPANY,

       Plaintiffs,                         Case No.


     vs.


TOWNE AIR FREIGHT, LLC,

       Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW Plaintiffs, FREEHOLD CARTAGE, INC., and ACE AMERICAN INSURANCE COMPANY, by and through the undersigned counsel, and file this Complaint against Defendant TOWNE AIR FREIGHT, LLC, seeking damages and alleging as follows:

## PARTIES

1.    Plaintiff, FREEHOLD CARTAGE, INC. (hereinafter "FREEHOLD"), is a corporation, incorporated in New Jersey, with its principal place of business in New Jersey.

2.    Plaintiff, ACE AMERICAN INSURANCE COMPANY(hereinafter "ACE AMERICAN"), is a corporation, incorporated in Pennsylvania, with its principal place of business in Pennsylvania.

3.    Defendant, TOWNE AIR FREIGHT, LLC (hereinafter "TOWNE AIR"), is a corporation, incorporated in Indiana, with its principal place of business in Indiana.

## JURISDICTION AND VENUE

4.     This action involves Defendant's negligent and/or tortious acts committed in Alachua County, Florida.

5.     This Court has jurisdiction over this matter under 28 U.S.C §1332, because Plaintiff FREEHOLD is a citizen of New Jersey, Plaintiff ACE AMERICAN is a citizen of Pennsylvania, and Defendant TOWNE AIR is a citizen of Indiana.  Accordingly, there exists complete diversity of citizenship of the parties for purposes of this Court's exercise of subject-matter jurisdiction.

6.     The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## FACTS

7.     On April 26, 2008, at approximately 1:40 a.m., Plaintiff FREEHOLD's 2007 Peterbilt 379 tractor with an attached Fruehauf trailer was traveling northbound on Interstate 75 (hereinafter "I-75"), driven by John M. Boozer.

8.     On April 26, 2008, at approximately 1:40 a.m., a 2001 Freightliner tractor with an attached Stoughton trailer owned and/or operated by Defendant, TOWNE AIR, and driven by John H. Dennis, was traveling southbound on I-75.

9.     The tractor-trailer driven by John H. Dennis crossed over from the outside southbound lane of I-75, broke through a double-sided guardrail, and traveled into the northbound lanes of I-75.

10.     Defendant TOWNE AIR's tractor-trailer overturned and, while crossing into the northbound lanes of I-75, struck Plaintiff FREEHOLD's tractor-trailer driven by John M.

Boozer.

11.     Defendant TOWNE AIR's tractor-trailer struck Plaintiff FREEHOLD's tractor-trailer with such force that Plaintiff FREEHOLD's tractor-trailer immediately exploded into flames and was completely consumed by fire.

12.     The impact of the collision caused the death of John M. Boozer.

13.     The collision and resulting fire destroyed Plaintiff FREEHOLD's tractor-trailer and its contents.  The remains of Plaintiff FREEHOLD's tractor-trailer were removed by an environmental clean-up team, at the expense of Plaintiff FREEHOLD.

14.     At all times relevant to this complaint, John H. Dennis was an agent, servant, and/or statutory employee of Defendant TOWNE AIR, and was driving Defendant TOWNE AIR's tractor-trailer with Defendant TOWNE AIR's acquiescence or consent for business purposes.

15.     At the time of the collision, John H. Dennis was acting in the line and scope of his duties with Defendant TOWNE AIR, and operating under its authority.

16.     Eyewitnesses to the collision observed the Defendant TOWNE AIR's truck radio playing loudly immediately after the collision, indicating that, at the time of the collision, John H. Dennis was attempting to stay awake during the early morning hours by listening to loud music.

17.     Prior to the collision, John H. Dennis habitually falsified driver's logs by "pattern logging" (repeatedly copying the same log entry for different days of travel regardless of the actual time or miles traveled), a violation of Federal Motor Carrier

Regulations relating to a driver's time of service requirements.  In addition, John H. Dennis habitually drove while his logs indicate that he was sleeping, and drove at excessive rates of speed.

18.     At the time of the collision, John H. Dennis was operating Defendant TOWNE AIR's tractor-trailer while it was overloaded and/or improperly loaded, with falsified log books, and while suffering from fatigue, of which fatigue John H. Dennis was or should have been aware.

19.     Defendant TOWNE AIR knew or should have known that John H. Dennis's "pattern logging" raised an inference that he was habitually noncompliant with driver time of service requirements, constituting a threat to the public by driving while fatigued.

20.     Defendant TOWNE AIR knew of should have known that its training, dispatch and driver monitoring and supervisory systems, relying as those systems did on unverified driver's logs that were susceptible to driver misuse and falsification, were inadequate to safely monitor its drivers' hours of service requirements, so as to prevent the noncompliance of drivers like John H. Dennis, including noncompliance with respect to driving while fatigued.

21.     At all times relevant to this complaint, John M. Boozer was an employee of Plaintiff FREEHOLD.

22.     At all times relevant to this complaint, Plaintiff ACE AMERICAN was a worker's compensation insurance carrier for Plaintiff FREEHOLD.

23.     As a result of the death of John M. Boozer, caused by the collision, Plaintiffs

paid worker's compensation benefits to the estate and/or survivors of John M. Boozer.  In addition, as a result of the collision, Plaintiff FREEHOLD suffered damages including cost of environmental clean-up, cost of recovery towing and disposal of its tractor-trailer, cost of storage of its destroyed tractor-trailer and loading for transport, loss of the tractor-trailer and truck pump, and loss of revenue.

### COUNT I: NEGLIGENCE - *RESPONDEAT SUPERIOR*

24.     Plaintiffs re-adopt and reallege each and every factual allegation set forth in paragraphs 1 through 23 as if set out in full herein.

25.     Defendant TOWNE AIR's agent, servant and/or statutory employee, John H. Dennis, while driving Defendant TOWNE AIR's tractor-trailer, had a duty to use reasonable care to avoid accidents and injury to others, and to exercise a degree of care and caution that an ordinarily careful or reasonably cautious and prudent person would exercise.

26.     Defendant TOWNE AIR's agent, servant and/or statutory employee, John H. Dennis, breached his duty of reasonable care when he crossed over from the outside southbound lane on I-75, drove through a double-sided guardrail and into the northbound lanes on I-75, and collided with Plaintiff FREEHOLD's tractor-trailer.

27.     Defendant TOWNE AIR's agent, servant and/or statutory employee, John H. Dennis, breached his duty of reasonable care when he drove carelessly, recklessly, failed to keep a proper lookout, failed to maintain his vehicle in the southbound lanes of I-75, and operated his vehicle in violation of multiple Federal Motor Carrier Safety Regulations and Section 316.1925, Fla. Stat.

28.   Defendant TOWNE AIR's agent, servant and/or statutory employee, John H. Dennis, breached his duty of reasonable care when he operated Defendant TOWNE AIR's tractor-trailer overloaded and/or improperly loaded, with falsified logbooks, and while suffering from fatigue, of which fatigue he was or should have been aware.

29.   Alternatively, Defendant TOWNE AIR is negligent under the doctrine of *res ipsa loquitur,* because Defendant TOWNE AIR, through its agent, servant and/or statutory employee, John H. Dennis, had exclusive control of its tractor-trailer, and the collision is one that would not, in the ordinary course of events, have occurred without negligence on the part of the one in control of Defendant TOWNE AIR's tractor-trailer.

30.   Defendant TOWNE AIR is responsible for the negligence of its agent, servant and/or statutory employee, John H. Dennis, under the legal doctrine of *respondeat superior.*

31.   As a direct and proximate result of the negligence of Defendant TOWNE AIR's agent, servant and/or statutory employee, John H. Dennis, Plaintiffs suffered damages including cost of environmental clean-up, cost of recovery towing and disposal of wreck, cost of storage of wreck and loading for transport, loss of truck, loss of truck pump, loss of trailer, loss of revenue, and payment of workers' compensation benefits.

WHEREFORE, Plaintiffs FREEHOLD and ACE AMERICAN demand judgment against Defendant TOWNE AIR for all damages allowable by law, costs, interest, and such further relief as the Court deems just and appropriate.

## COUNT II: GROSS NEGLIGENCE - *RESPONDEAT SUPERIOR*

32.   Plaintiffs re-adopt and reallege each and every factual allegation set forth in

paragraphs 1 through 23 as if set out in full herein.

33.     Defendant TOWNE AIR's agent, servant and/or statutory employee, John H. Dennis's habitual operation of its tractor-trailer at excessive speeds, in excess of the hours of service requirements of the Federal Motor Carrier Safety Regulations, and at times where he logged that he was sleeping was grossly negligent because it was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety or rights of persons exposed to such conduct.

34.     Defendant TOWNE AIR actively and knowingly allowed its agent, servant and/or statutory employee, John H. Dennis, to operate its tractor-trailer at excessive speeds, in excess of the hours of service requirements of the Federal Motor Carrier Safety Regulations, and at times when he logged that he was sleeping.

35.     Defendant TOWNE AIR knowingly condoned, ratified, or consented to its agent, servant and/or statutory employee, John H. Dennis, operating its tractor-trailer at excessive speeds, in excess of the hours of service requirements of the Federal Motor Carrier Safety Regulations, and at times where he logged that he was sleeping.

36.     Defendant TOWNE AIR failed to properly monitor, supervise, or train its agent, servant and/or statutory employee, John H. Dennis, with respect to the proper keeping of logs and hours of service violations or to establish an effective dispatch system that would have prevented drivers such as John H. Dennis from violating the hours of service requirements.

37.     Defendant TOWNE AIR breached its duty to alleviate the danger of driver

fatigue and therefore acted in conscious disregard or indifference to the life, safety, and rights of the motoring public, which gross negligence contributed to the loss and damages forming the basis of this Complaint, and/or Defendant TOWNE AIR and its officers, directors, or managers otherwise actively knowingly participated in or knowing condoned, ratified, or consented to Defendant TOWNE AIR's its agent, servant and/or statutory employee, John H. Dennis's conscious disregard or indifference to the life, safety, or rights of the motoring public, and specifically Plaintiffs.

38.     As a direct and proximate result of the gross negligence of Defendant TOWNE AIR and its agent, servant and/or statutory employee, John H. Dennis, Plaintiffs suffered damages including cost of environmental clean-up, cost of recovery towing and disposal of wreck, cost of storage of wreck and loading for transport, loss of truck, loss of truck pump, loss of trailer, loss of revenue, and payment of workers' compensation benefits.

WHEREFORE, Plaintiffs FREEHOLD and ACE AMERICAN, demand judgment against Defendant TOWNE AIR, for all damages allowable by law, punitive damages, costs, interest, and such further relief as the Court deems just and appropriate.

## COUNT III: DANGEROUS INSTRUMENTALITY

39.     Plaintiffs re-adopt and reallege each and every factual allegation set forth in paragraphs 1 through 23 as if set out in full herein.

40.     Defendant TOWNE AIR's agent, servant and/or statutory employee, John H. Dennis, while driving Defendant TOWNE AIR's tractor-trailer, had a duty to use reasonable care to avoid accidents and injury to others, and to exercise a degree of care and caution that

an ordinarily careful or reasonably cautious and prudent person would exercise.

41.    Defendant TOWNE AIR's agent, servant and/or statutory employee, John H. Dennis, breached his duty of reasonable care when he crossed over from the outside southbound lane on I-75, drove through a double-sided guardrail and into the northbound lanes on I-75, and collided with Plaintiff FREEHOLD's tractor-trailer.

42.    Defendant TOWNE AIR's agent, servant and/or statutory employee, John H. Dennis, breached his duty of reasonable care when he drove carelessly, recklessly, failed to keep a proper lookout, failed to maintain his vehicle in the southbound lanes of I-75, and operated his vehicle in violation of multiple Federal Motor Carrier Safety Regulations and Section 316.1925, Fla. Stat.

43.    Defendant TOWNE AIR's agent, servant and/or statutory employee, John H. Dennis, breached his duty of reasonable care when he operated Defendant TOWNE AIR's tractor-trailer overloaded and/or improperly loaded, with falsified logbooks, and while suffering from fatigue, of which fatigue he was or should have been aware.

44.    Defendant TOWNE AIR's agent, servant and/or statutory employee, John H. Dennis's operation of a tractor-trailer under such circumstances was negligent because it constitutes a breach of the duty or reasonable care by failing to operate the tractor-trailer in a safe and prudent manner.

45.    Alternatively, Defendant TOWNE AIR is negligent under the doctrine of *res ipsa loquitur,* because Defendant TOWNE AIR, through its agent, servant and/or statutory employee, John H. Dennis, had exclusive control of its tractor-trailer, and the collision is one

that would not, in the ordinary course of events, have occurred without negligence on the part of the one in control of Defendant TOWNE AIR's tractor-trailer.

46.   Defendant TOWNE AIR had an identifiable ownership interest in the 2001 Freightliner tractor and Stoughton trailer that its agent, servant and/or statutory employee, John H. Dennis, was driving on April 26, 2008, over which tractor-trailer, at all times relevant to this action, Defendant TOWNE AIR exercised possession, dominion, and control.

47.   At all times relevant to this action, Defendant TOWNE AIR permitted, voluntarily entrusted, consented to, or authorized by means of express or implied consent, its agent, servant and/or statutory employee, John H. Dennis, to use its tractor-trailer.

48.   Defendant TOWNE AIR is vicariously liable for the gross negligence of its agent, servant and/or statutory employee, John H. Dennis, and resulting damages, under Florida's dangerous instrumentality doctrine.

49.   As a direct and proximate result of the negligence of Defendant TOWNE AIR and/or its agent, servant and/or statutory employee, John H. Dennis, Plaintiffs suffered damages including cost of environmental clean-up, cost of recovery towing and disposal of wreck, cost of storage of wreck and loading for transport, loss of truck, loss of truck pump, loss of trailer, loss of revenue, and payment of workers' compensation benefits.

WHEREFORE, Plaintiffs FREEHOLD and ACE AMERICAN, demand judgment against Defendant TOWNE AIR for all damages allowable by law, costs, interest, and such further relief as the Court deems just and appropriate.

## COUNT IV: GROSS NEGLIGENCE - DANGEROUS INSTRUMENTALITY

50.     Plaintiffs re-adopt and reallege each and every factual allegation set forth in paragraphs 1 through 23 as if set out in full herein.

51.     Defendant TOWNE AIR's agent, servant and/or statutory employee, John H. Dennis's habitual operation of Defendant TOWNE AIR's tractor-trailer at excessive speeds, in excess of the hours of service requirements of the Federal Motor Carrier Safety Regulations, and at times where he logged that he was sleeping was grossly negligent because it was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety or rights of persons exposed to such conduct.

52.     Defendant TOWNE AIR actively and knowingly allowed its agent, servant and/or statutory employee, John H. Dennis, to operate its tractor-trailer at excessive speeds, in excess of the hours of service requirements of the Federal Motor Carrier Safety Regulations, and at times where he logged that he was sleeping.

53.     Defendant TOWNE AIR knowingly condoned, ratified, or consented to its agent, servant and/or statutory employee, John H. Dennis, operating its tractor-trailer at excessive speeds, in excess of the hours of service requirements of the Federal Motor Carrier Safety Regulations, and at times where he logged that he was sleeping.

54.     Defendant TOWNE AIR failed to properly monitor, supervise, or train its agent, servant and/or statutory employee, John H. Dennis, with respect to the proper keeping of logs and hours of service violations or to establish an effective dispatch system that would have prevented drivers such as John H. Dennis from violating the hours of service

requirements.

55.     Defendant TOWNE AIR breached its duty to alleviate the danger of driver fatigue and therefore acted in conscious disregard or indifference to the life, safety, and rights of the motoring public, which gross negligence contributed to the loss and damages forming the basis of this Complaint, and/or Defendant TOWNE AIR and its officers, directors, or managers otherwise actively knowingly participated in or knowing condoned, ratified, or consented to Defendant TOWNE AIR's its agent, servant and/or statutory employee, John H. Dennis's conscious disregard or indifference to the life, safety, or rights of the motoring public, and specifically Plaintiffs.

56.     Defendant TOWNE AIR had an identifiable ownership interest in the 2001 Freightliner tractor and Stoughton trailer that its agent, servant and/or statutory employee, John H. Dennis, was driving on April 26, 2008, over which tractor-trailer, at all times relevant to this action, Defendant TOWNE AIR exercised possession, dominion, and control.

57.     At all times relevant to this action, Defendant TOWNE AIR permitted, voluntarily entrusted, consented to, or authorized by means of express or implied consent, its agent, servant and/or statutory employee, John H. Dennis, to use its tractor-trailer.

58.     Defendant TOWNE AIR is vicariously liable for the gross negligence of its agent, servant and/or statutory employee, John H. Dennis, and resulting damages, under Florida's dangerous instrumentality doctrine.

59.     As a direct and proximate result of the gross negligence of Defendant TOWNE AIR and/or its agent, servant and/or statutory employee, John H. Dennis, Plaintiffs suffered

damages including cost of environmental clean-up, cost of recovery towing and disposal of wreck, cost of storage of wreck and loading for transport, loss of truck, loss of truck pump, loss of trailer, loss of revenue, and payment of workers' compensation benefits.

WHEREFORE, Plaintiffs FREEHOLD and ACE AMERICAN, demand judgment against Defendant TOWNE AIR for all damages allowable by law, punitive damages, costs, interest, and such further relief as the Court deems just and appropriate.

### COUNT V: NEGLIGENT - SUPERVISION, RETENTION AND TRAINING

60.     Plaintiffs re-adopt and reallege each and every factual allegation set forth in paragraphs 1 through 23 as if set out in full herein.

61.     Defendant TOWNE AIR had a duty to exercise reasonable care in retaining and training safe and competent employees.

62.     Defendant TOWNE AIR, as employer/principal/master of John H. Dennis, had a duty to make sure that its agent, servant and/or statutory employee, John H. Dennis, complied with the Federal Motor Carrier Safety Regulations and Florida law in the operation of the tractor-trailer he was driving at the time of the collision with Plaintiff FREEHOLD's tractor-trailer.

63.     Defendant TOWNE AIR, as employer/principal/master of John H. Dennis, was negligent in failing to properly train its agent, servant and/or statutory employee, John H. Dennis, in the operation of the tractor-trailer he was driving at the time of the collision with Plaintiff FREEHOLD's tractor-trailer.

64.     Defendant TOWNE AIR knew or should have known that its agent, servant

and/or statutory employee, John H. Dennis, habitually operated its tractor-trailer at excessive speeds, in excess of the hours of service requirements of Federal Motor Carrier Safety Regulations, and at times where he logged that he was sleeping.

65.    Defendant TOWNE AIR failed to properly monitor, supervise, or train its agent, servant and/or statutory employee, John H. Dennis, with respect to the proper keeping of logs and hours of service violations or to establish an effective dispatch system that would have prevented drivers such as John H. Dennis from violating the hours of service requirements.

66.    Defendant TOWNE AIR knew or should have known that its agent, servant and/or statutory employee, John H. Dennis, was unfit to drive its tractor-trailer. However, Defendant TOWNE AIR failed to investigate or take any corrective or appropriate action.

67.    Defendant TOWNE AIR was negligent in implementing or operating a training program that would have properly trained its agent, servant and/or statutory employee, John H. Dennis, in the operation of the tractor-trailer that he was driving at the time of the collision with Plaintiff FREEHOLD's tractor-trailer.

68.    As a proximate cause of Defendant TOWNE AIR's negligent retention and failure to train and supervise its agent, servant and/or statutory employee, John H. Dennis, Plaintiffs suffered damages including cost of environmental clean-up, cost of recovery towing and disposal of wreck, cost of storage of wreck and loading for transport, loss of truck, loss of truck pump, loss of trailer, loss of revenue, and payment of workers' compensation benefits.

WHEREFORE, Plaintiffs FREEHOLD and ACE AMERICAN demand judgment against Defendant TOWNE AIR for all damages allowable by law, costs, interest, and such further relief as the Court deems just and appropriate.

## COUNT VI: GROSS NEGLIGENCE - SUPERVISION, RETENTION AND TRAINING

69.    Plaintiffs re-adopt and reallege each and every factual allegation set forth in paragraphs 1 through 23 as if set out in full herein.

70.    Defendant TOWNE AIR's agent, servant and/or statutory employee, John H. Dennis, drove carelessly, recklessly, failed to keep a proper lookout, failed to maintain Defendant TOWNE AIR's vehicle in the southbound lanes of I-75, and operated that vehicle in violation of multiple Federal Motor Carrier Safety Regulations and in violation of Section 316.1925, Fla. Stat.

71.    Defendant TOWNE AIR's agent, servant and/or statutory employee, John H. Dennis, operated Defendant TOWNE AIR's tractor-trailer overloaded or improperly loaded, with log books that were falsified, and while suffering from fatigue, of which fatigue John H. Dennis was or should have been aware.

72.    Operation of a tractor-trailer under such circumstances is grossly negligent in that it constitutes conduct so reckless and/or wanting in care that it constitutes a conscious disregard or indifference to the life, safety or rights of the motoring public.

73.    Defendant TOWNE AIR knew or should have known that its agent, servant and/or statutory employee, John H. Dennis, was incompetent, inexperienced, and/or reckless

in his operation of commercial motor vehicles in that he habitually operated Defendant TOWNE AIR tractor-trailer at excessive speeds, in excess of the hours of service requirements of Federal Motor Carrier Safety Regulations, and at times where he logged that he was sleeping.

74.     Defendant TOWNE AIR, as employer/principal/master of John H. Dennis, had a duty to ensure that its agent, servant and/or statutory employee, John H. Dennis, complied with the Federal Motor Carrier Safety Regulations and Florida law in the operation of the tractor-trailer he was driving at the time of the collision with Plaintiff FREEHOLD's tractor-trailer.

75.     Defendant TOWNE AIR, as employer/principal/master of John H. Dennis, was grossly negligent in failing to properly train its agent, servant and/or statutory employee, John H. Dennis, in the operation of the tractor-trailer he was driving at the time of the collision with Plaintiff FREEHOLD's tractor-trailer.

76.     Defendant TOWNE AIR, as employer/principal/master of John H. Dennis, was grossly negligent in failing to properly supervise its agent, servant and/or statutory employee, John H. Dennis, in the operation of the tractor-trailer he was driving at the time of the collision with Plaintiff FREEHOLD's tractor-trailer.

77.     Defendant TOWNE AIR, as employer/principal/master of John H. Dennis, knew or should have known that its agent, servant and/or statutory employee, John H. Dennis, habitually operated its tractor-trailer at excessive speeds, in excess of the hours of service requirements of Federal Motor Carrier Safety Regulations, and at times where he

logged that he was sleeping.

78.     Defendant TOWNE AIR, as employer/principal/master of John H. Dennis, failed to properly monitor, supervise, or train its agent, servant and/or statutory employee, John H. Dennis, with respect to the proper keeping of logs and hours of service violations or to establish an effective dispatch system that would have prevented drivers such as John H. Dennis from violating the hours of service requirements.

79.     Defendant TOWNE AIR breached its duty to alleviate the danger of driver fatigue and therefore acted in conscious disregard or indifference to the life, safety, and rights of the motoring public, which gross negligence contributed to the loss and damages of the Plaintiffs.

80.     Defendant TOWNE AIR and its officers, directors, or managers actively and knowingly participated in or knowingly condoned, ratified, or consented to John H. Dennis's conscious disregard or indifference to the life, safety, or rights of the motoring public, and specifically Plaintiffs.

81.     As a direct and proximate result of the gross negligence of Defendant TOWNE AIR and its agent, servant and/or statutory employee, John H. Dennis, Plaintiffs suffered damages including cost of environmental clean-up, cost of recovery towing and disposal of wreck, cost of storage of wreck and loading for transport, loss of truck, loss of truck pump, loss of trailer, loss of revenue, and payment of workers' compensation benefits.

WHEREFORE, Plaintiffs FREEHOLD and ACE AMERICAN demand judgment against Defendant TOWNE AIR for all damages allowable by law, punitive damages, costs,

interest, and such further relief as the Court deems just and appropriate.

## COUNT VII: GROSS NEGLIGENCE - ENTRUSTMENT OF VEHICLE

82.    Plaintiffs re-adopt and reallege each and every factual allegation set forth in paragraphs 1 through 23 as if set out in full herein.

83.    Defendant TOWNE AIR's agent, servant and/or statutory employee, John H. Dennis, drove carelessly, recklessly, failed to keep a proper lookout, failed to maintain Defendant TOWNE AIR's vehicle in the southbound lanes of I-75, and operated that vehicle in violation of multiple Federal Motor Carrier Safety Regulations and in violation of Section 316.1925, Fla. Stat.

84.    Defendant TOWNE AIR's agent, servant and/or statutory employee, John H. Dennis, operated Defendant TOWNE AIR's tractor-trailer overloaded or improperly loaded, with log books that were falsified, and while suffering from fatigue, of which fatigue John H. Dennis was or should have been aware.

85.    Operation of a tractor-trailer under such circumstances is grossly negligent in that it constitutes conduct so reckless and/or wanting in care that it constitutes a conscious disregard or indifference to the life, safety or rights of the motoring public.

86.    Defendant TOWNE AIR knew or should have known that its agent, servant and/or statutory employee, John H. Dennis, was incompetent, inexperienced, and/or reckless in his operation of commercial motor vehicles in that he habitually operated Defendant TOWNE AIR tractor-trailer at excessive speeds, in excess of the hours of service requirements of Federal Motor Carrier Safety Regulations, and at times where he logged that

he was sleeping.

87.    Defendant TOWNE AIR was custodian of and had an identifiable ownership interest in the 2001 Freightliner tractor and Stoughton trailer that its agent, servant and/or statutory employee, John H. Dennis, was driving on April 26, 2008, because they were operated as a commercial motor vehicle under Defendant TOWNE AIR's Department of Transportation license.

88.    Defendant TOWNE AIR was the principal, master, or statutory employer of John H. Dennis and, in entrusting the tractor-trailer to him, breached its duty to alleviate the danger of driver fatigue and therefore acted in conscious disregard or indifference to the life, safety, or rights of the motoring public, which gross negligence contributed to the loss and damages of the Plaintiffs.

89.    Alternatively, by entrusting the vehicle to its agent, servant and/or statutory employee, John H. Dennis, Defendant TOWNE AIR and its officers, directors, or managers otherwise actively and knowingly participated in or knowingly condoned, ratified, or consented to John H. Dennis's conscious disregard or indifference to the life, safety, or rights of the motoring public, and specifically Plaintiffs.

90.    As a direct and proximate result of the gross negligence of Defendant TOWNE AIR and its agent, servant and/or statutory employee, John H. Dennis, Plaintiffs suffered damages including cost of environmental clean-up, cost of recovery towing and disposal of wreck, cost of storage of wreck and loading for transport, loss of truck, loss of truck pump, loss of trailer, loss of revenue, and payment of workers' compensation benefits.

WHEREFORE, Plaintiffs, FREEHOLD and ACE AMERICAN demand judgment against Defendant TOWNE AIR for all damages allowable by law, punitive damages, costs, interest, and such further relief as the Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Respectfully submitted on this 29th day of March, 2012,

Lauren M. Levy, Esq.
**Trial Counsel**
Fla. Bar No. 0062103
Levy & Levy, LLC
43 Davis Blvd.
Tampa, FL 33606
Tel: (813) 259-5389
Fax: (813) 259-9988
E-mail: llevy@levyandlevylaw.com
*Attorneys for FREEHOLD CARTAGE, INC., and*
*ACE AMERICAN INSURANCE COMPANY*