IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

FREEHOLD CARTAGE, INC. and
ACE AMERICAN INSURANCE
COMPANY,

    Plaintiffs,

v.                                                         CASE NO. 1:12-cv-65-SPM-GRJ

TOWNE AIR FREIGHT, LLC,

    Defendant.
_____/

## **O R D E R**

This matter is before the Court upon Plaintiffs Freehold Cartage, Inc. And Ace American Insurance Company's Motion To Compel Response To First Request For Production. (Doc. 19.)  Defendant has file a Response (Doc. 19) representing that documents responsive to Plaintiffs' Request for Production have been provided. Defendant, however, has not addressed Plaintiffs' request for attorney's fees. Thus, while Plaintiffs' motion to compel is now moot as to Plaintiffs' request that Defendant produce documents responsive to Plaintiffs' First Request for Production, the motion is not moot as to Plaintiffs' request for attorney's fees.

In addition to requesting an order compelling Defendant to produce documents responsive to Plaintiffs' First Request for Production, Plaintiffs request that the Court award them reasonable attorney's fees for bringing this motion to compel. Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides in relevant part that"  "[I]f the requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the

motion ... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." As written the Rule mandates that the Court award fees where, as here, a party has failed to respond to discovery requests thus necessitating the filing of a motion to compel which is granted. The Rule, however, provides an exception to the requirement that the Court "must" award attorney's fees in situations where: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action, (2) where the court finds that the "opposing party's nondisclosure ... was substantially justified" or (3) where "other circumstances make an award of expenses unjust." Id. Because Defendant has not responded to Plaintiffs' request for fees – and the Rule provides that the Court may only enter an award of fees after giving the non-disclosing party an opportunity to be heard – the Court will defer ruling on Plaintiffs' request for attorney's fees until Defendant has filed a response explaining why the Court should not award fees, or the time for filing a response has passed.

Accordingly, for the reasons discussed above, it is **ORDERED** that:

1. Plaintiffs Freehold Cartage, Inc. And Ace American Insurance Company's Motion To Compel Response To First Request For Production (Doc. 19) is **MOOT.**.

3. Defendant may file a response to Plaintiffs' request for attorney's fees explaining why the Court should not award Plaintiffs the fees they incurred in bringing the motion to compel. Defendant's response must be filed by **November 7, 2012**, failing which the Court will enter an order awarding Plaintiffs the reasonable attorney's fees they incurred in bringing the motion to compel and directing the Plaintiffs to file an

affidavit detailing the requested attorney's fees.

**DONE AND ORDERED** this 29th day of October, 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge