IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

FREEHOLD CARTAGE, INC. and
ACE AMERICAN INSURANCE
COMPANY,

    Plaintiffs,

v.                                                  CASE NO. 1:12-cv-65-SPM-GRJ

TOWNE AIR FREIGHT, LLC,

    Defendant.
_____/

## O R D E R

This matter is before the Court upon Plaintiffs Freehold Cartage, Inc. and Ace American Insurance Company's Motion To Compel Response To First Request For Production. (Doc. 16.) Defendant filed a Response (Doc. 19) representing that documents responsive to Plaintiffs' Request for Production have been provided, but did not address Plaintiffs' request for attorney's fees incurred in bringing the motion to compel. The Court issued an Order that found that the motion to compel was moot in light of Defendant's production of the relevant documents, and directed Defendant to respond to Plaintiffs' request for fees. (Doc. 20.) Defendant has now responded to the fee request. (Doc. 24.) Upon due consideration of the motion to compel and Defendant's response, the Court finds that Plaintiffs' request for attorney's fees is due to be denied.

Plaintiffs requested in their motion to compel that the Court award them reasonable attorney's fees for bringing the motion. Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides in relevant part that" "[I]f the requested discovery is

provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion ... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." As written the Rule mandates that the Court award fees where, as here, a party has failed to respond to discovery requests thus necessitating the filing of a motion to compel which is granted. The Rule, however, provides an exception to the requirement that the Court "must" award attorney's fees in situations where: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action, (2) where the court finds that the "opposing party's nondisclosure ... was substantially justified" or (3) where "other circumstances make an award of expenses unjust." Id.

In its response to the request for fees, Defendant states that it did not oppose any of the discovery requests in Plaintiffs' First Request for Production, and that its delay in providing complete responses to the requests was partly due to the large number of records that Defendant was required to compile. (Doc. 24, at 2.) Defendant states that Plaintiffs' request for documents related to a prior wrongful death case were particularly challenging to obtain due to a confidentiality clause governing the settlement agreement in that case. Defendant also states that voluminous records that were responsive to that request had to be compiled by Defendant's prior law firm, and that obtaining the records from storage caused additional delay. Defendant's counsel says that he communicated with Plaintiffs' counsel regularly throughout September and October 2012 to apprise Plaintiffs of the status of Defendant's efforts to respond to the

Request for Production.

In light of Defendant's good faith efforts to provide complete discovery in this case, and Defendant's representations regarding the difficulty of compiling the voluminous materials responsive to Plaintiffs' request for documents related to the prior wrongful death litigation, the Court concludes that under these circumstances an award of fees and expenses would be unjust. The Court notes that Defendant's counsel communicated regularly with Plaintiffs' counsel about the status of discovery, did not file unfounded objections to the requested discovery, and provided complete responses to the First Request for Production within seven days of the filing of the motion to compel. Defendant's failure to provide a timely response to the First Request for Production appears to be a function of the logistical difficulties of obtaining the necessary documents, rather than the result of inaction or dilatory conduct by counsel. For these reasons, Plaintiffs' request for fees and expenses is due to be denied.

Accordingly, for the reasons discussed above, it is **ORDERED** that:

1. Plaintiffs Freehold Cartage, Inc. And Ace American Insurance Company's request for attorney's fees incurred in bringing the motion to compel (Doc. 16) is **DENIED**.

**DONE AND ORDERED** this 11th day of December 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge